UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANTHONY WEINMULLER, an individual, | |
| Plaintiff, | NO. |
| v. | COMPLAINT FOR DAMAGES |
| MOSCOW & PULLMAN BUILDINGS SUPPLY, INC, an Idaho Corporation, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## I.     INTRODUCTION

1.1     Plaintiff Anthony Weinmuller ("Plaintiff") hereby sets forth his complaint against Defendant Moscow & Pullman Buildings Supply, Inc. ("Moscow & Pullman Buildings Supply" or "Defendant") for race discrimination under 42 U.S.C. § 1981 and the Washington Law Against Discrimination (WLAD), Ch. 49.60, RCW.

## II.     PARTIES

2.1     Plaintiff is an individual residing in Clark County, Washington. At all times relevant hereto, Plaintiff worked as an employee of Defendant in Pullman, Washington.

2.2     Defendant is an Idaho Corporation with its principal place of business in Pullman, Washington. Defendant is registered to do business and does conduct business in the state of Washington.

COMPLAINT FOR DAMAGES - 1

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

2.3    Defendant is an employer for purposes of the WLAD and 42 U.S.C § 1981, employing fifteen or more employees at least twenty weeks per year.

### III.    JURISDICTION AND VENUE

3.1    This Court has jurisdiction over this action under 28 U.S.C. § 1331 because some of Plaintiff's causes of action arise under the laws of the United States.

3.2    This Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy as his federal claims.

3.3    Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because the acts or omissions giving rise to Plaintiff's claims occurred in Whitman County, Washington.

### IV.    FACTUAL BACKGROUND

4.1    Plaintiff is a Colombian American man with dark complexion, including brown skin and dark curly hair.

4.2    Plaintiff began working for Defendant on or around May 26, 2022, as an insulation installer.

4.3    Before he was hired by Defendant, Plaintiff interviewed with Brandon McIntosh and Bill Perry in Defendant's Insulation Department.

4.4    During Plaintiff's employment with Defendant, Mr. McIntosh served as the head of Defendant's Insulation Department.

4.5    During Plaintiff's employment with Defendant, Mr. Perry worked alongside Mr. McIntosh before taking over Defendant's Insulation Department and assuming responsibilities therefor.

4.6    At all times material to this dispute, either Mr. Perry, or Mr. McIntosh, or both, served as Plaintiff's direct supervisors.

COMPLAINT FOR DAMAGES - 2

4.7     At all times material to this dispute, Mr. Perry and Mr. McIntosh were managers for Defendant in charge of hiring, scheduling, and overseeing the performance of employees in the Insulation Department, including Plaintiff.

4.8     On or around June 9, 2022, Plaintiff arrived to work and left with his crew lead to work at the day's job sites.

4.9     One of the job sites Plaintiff worked at on or around June 9, 2022, was at Aspen Village in Pullman, Washington.

4.10     After completing the first two jobs, Plaintiff and his crew lead arrived at the job site at Aspen Village.

4.11     When Plaintiff arrived at the Aspen Village job site, Mr. Perry and Mr. McIntosh were already there.

4.12     After working the remainder of the day installing insulation at the Aspen Village job site, Plaintiff and his crew prepared to head back to Defendant's shop at around 3:30 P.M.

4.13     Prior to leaving for the day, Plaintiff went upstairs to clean the site and gather his equipment.

4.14     When Plaintiff went upstairs, he observed a noose hanging over a doorframe.

4.15     The noose, known for its use in segregation-era lynchings, is one of the most powerful visual symbols of hate and is used as a form or racial terrorism directed towards racial minorities.

4.16     Terrified by the noose and the hatred and violence it represents, Plaintiff became overwhelmed with fear and froze for a moment.

4.17     After what felt like minutes paralyzed in fear, Plaintiff called out for the crew lead to show him the noose.

COMPLAINT FOR DAMAGES - 3

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

4.18    He asked his crew lead why there was a noose at the job site and who had placed it there.

4.19    In response, the crew lead told him that he did not know where it came from, that it was "probably some guys playing a joke," and that he should not worry about it.

4.20    Before leaving the job site, Plaintiff photographed the hateful and violent image. This is the photograph he took:



4.21    When Plaintiff returned to MPBS from the job site, he told Mr. Perry that he had found a noose in the room he was working in and thought it was meant for him.

4.22    Mr. Perry responded to Plaintiff by asking him if it was hanging in the doorway when he found it. Plaintiff confirmed that it was.

COMPLAINT FOR DAMAGES - 4

4.23    Mr. Perry then told Plaintiff that he was aware of the noose and that Plaintiff should not worry because it was "just a joke."

4.24    Mr. Perry further explained that the noose appeared there two months ago, and that Mr. McIntosh was aware of it as well.

4.25    Plaintiff then approached Mr. McIntosh about the noose to express his concern and pointed out that he was the only person of color working at that location.

4.26    Mr. McIntosh told Plaintiff not to worry and that the noose was just a joke.

4.27    Plaintiff was deeply disturbed by the noose and by Defendant's response to his concerns.

4.28    Plaintiff texted both Mr. McIntosh and Mr. Perry that he did not feel safe at work because of the noose.

4.29    Following Plaintiff's text, Mr. Perry called Plaintiff and apologized for the noose.

4.30    During this conversation, Mr. Perry told Plaintiff that he had found nooses before and that Plaintiff may continue to find nooses in the future.

4.31    Mr. Perry then told Plaintiff that if he found other racially insensitive things, he should "just take [them] down and move on with [his] day."

4.32    Plaintiff was troubled by the way in which his concerns about the noose were being ignored, and he felt unsafe continuing to work for Defendant.

4.33    On or around June 16, 2022, Plaintiff texted his resignation to Supervisor Perry, stating that he did not feel safe at work and had no choice but to resign.

4.34    Because of the threatening noose and Defendant's failure to effectively remediate the racially hostile work environment to which Plaintiff had fallen victim, Plaintiff was forced to resign.

COMPLAINT FOR DAMAGES - 5

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

4.35    As a direct result of Defendant's unlawful conduct, Plaintiff has suffered economic harm, including lost pay, and emotional damage, including pain and suffering, emotional distress, fear, and humiliation.

## V.    CAUSES OF ACTION

### COUNT ONE – RACE DISCRIMINATION/RACIAL HARASSMENT IN VIOLATION OF WASHINGTON LAW AGAINST DISCRIMINATION, RCW 49.60 et seq.

5.1    Plaintiff realleges paragraphs 1.1 through 4.35 of the Complaint and hereby incorporates the same by reference.

5.2    During his employment with Defendant, Plaintiff was subjected to unwelcome racial harassment, including the placement of—and failure to remove—a noose in the workplace.

5.3    The racial harassment to which Plaintiff was subjected was because of his race or others' perception of his race.

5.4    The racial harassment to which Plaintiff was subjected was sufficiently severe or pervasive to interfere with Plaintiff's work performance or to create a hostile, intimidating, or offensive work environment.

5.5    As a result of the racially harassing conduct that was created and perpetuated by Defendant, Plaintiff was forced to resign from, and thereby constructively discharged by, Defendant.

5.6    Defendant is liable for the racially harassing conduct to which Plaintiff was subjected because the harassing conduct was created or perpetuated by managers of Defendant.

5.7    Defendant is liable for the racially harassing conduct to which Plaintiff was subjected because Defendant and its management level employees knew or should have known of the racially harassing conduct but failed to take necessary action to promptly prevent or end the hostile work environment.

COMPLAINT FOR DAMAGES - 6

5.8     As a result of Defendant's wrongful conduct, Plaintiff has suffered damages in amounts to be proven at trial and is entitled to compensatory damages, back pay and front pay, emotional distress damages, and attorneys' fees and costs.

**COUNT TWO – RACE DISCRIMINATION/RACIAL HARASSMENT IN VIOLATION OF 42 U.S.C. § 1981**

5.9     Plaintiff realleges paragraphs 1.1 through 5.8 of the Complaint and hereby incorporates the same by reference.

5.10     During his employment with Defendant, Plaintiff was subjected to unwelcome racial harassment, including the placement of—and failure to remove—a noose in the workplace.

5.11     The racial harassment to which Plaintiff was subjected was because of his race or others' perception of his race.

5.12     The racial harassment to which Plaintiff was subjected was sufficiently severe or pervasive to interfere with Plaintiff's work performance or to create a hostile, intimidating, or offensive work environment.

5.13     As a result of the racially harassing conduct that was created and perpetuated by Defendant, Plaintiff was forced to resign from, and thereby constructively discharged by, Defendant.

5.14     Defendant is liable for the racially harassing conduct to which Plaintiff was subjected because the harassing conduct was created or perpetuated by supervisors of Defendant.

5.15     Defendant is liable for the racially harassing conduct to which Plaintiff was subjected because Defendant and its management level employees knew or should have known of the racially harassing conduct but failed to take necessary action to promptly prevent or end the hostile work environment.

COMPLAINT FOR DAMAGES - 7

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

5.16    The racially harassing conduct to which Plaintiff was subjected was done with malice or reckless indifference to Plaintiff's federally protected rights.

5.17    As a result of Defendant's wrongful conduct, Plaintiff has suffered damages in amounts to be proven at trial and is entitled to compensatory damages, back pay and front pay, emotional distress damages, punitive damages, and attorneys' fees and costs.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A.    Damages for back pay, front pay, and lost benefits in an amount to be proved at trial;

B.    Damages for loss of enjoyment of life, pain and suffering, mental anguish, emotional distress, and humiliation;

C.    Punitive Damages pursuant to 42 U.S.C. § 1981.

C.    Prejudgment interest in an amount to be proved at trial;

D.    Compensation for any tax penalty associated with recovery;

E.    Prejudgment and post-judgment interest at the statutorily prescribed rate;

F.    Reasonable attorney's fees and costs;

G.    Double damages; and

H.    Whatever further and additional relief the Court deems just and equitable.

//

//

//

COMPLAINT FOR DAMAGES - 8

DATED this 2nd day of November, 2023.

/s/ Jason A. Rittereiser
Jason A. Rittereiser, WSBA No. 43628
**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, WA 98101
Phone: (206) 838-2504
Fax:    (206) 260-3055
Email: jrittereiser@hkm.com

*Attorneys for Plaintiff Anthony Weinmuller*

COMPLAINT FOR DAMAGES - 9

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504